**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUZ MARIA GUZMAN-SORIA; et al., Petitioners, v. WILLIAM P. BARR, Attorney General, Respondent. | No.   16-70701 Agency Nos.   A201-204-109 A208-120-696 A208-120-697 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 17, 2019
Seattle, Washington

Before:  KLEINFELD and FRIEDLAND, Circuit Judges, and PAULEY,[**] District Judge.

Luz Maria Guzman-Soria and her children Vanessa Soto-Guzman and Angel

Soto-Guzman petition for review of the decision of the Board of Immigration

Appeals ("BIA"), denying their applications for asylum, withholding of removal,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable William H. Pauley III, United States District Judge for the Southern District of New York, sitting by designation.

and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

The petitioners have not demonstrated that Mexican society recognizes those who say something useful to police in apprehending suspects as a distinct "particular social group." We assume for purposes of this decision only that the "particular social group" of informants in *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1092 (9th Cir. 2013) (en banc), encompasses the petitioners' proposed social group, if there is evidence of the distinctiveness of those groups in the country at issue. Even assuming that *Henriquez-Rivas* extends to those who do not testify in court, the administrative record, including the news clippings to which the petitioners direct our attention, does not compel a conclusion contrary to the BIA's. Substantial evidence in the record as a whole supports the BIA's finding that the petitioners failed to establish that Mexican society recognizes their proffered particular social group and thus supports the denials of asylum and withholding of removal. *See also Ali v. Holder*, 637 F.3d 1025, 1029 n.2 (9th Cir. 2011) ("An application for asylum is automatically considered a simultaneous request for withholding of removal." (citing 8 C.F.R. § 1208.3(b))); *cf. Henriquez-Rivas*, 707 F.3d at 1092 (explaining that the BIA had failed to consider "significant

evidence" of the recognition in Salvadoran society of the particular social group at issue such as the enactment of a "special witness protection law").

Petitioners have not argued in their brief to this court that they are entitled to Convention relief, so those claims which were made before the BIA, are waived. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

**PETITION DENIED.**